IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-00790-EWN-CBS

DAVID TURLEY,
          Petitioner,
v.

AL ESTEP, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
          Respondents.
_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on Turley's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") (file-stamped April 19, 2004). Pursuant to the General Order of Reference dated February 17, 2006 (doc. # 28), this case was referred to the Magistrate Judge to *inter alia,* "[h]ear and determine any pretrial matter" and "to submit to me proposed recommendations . . . ." The court has reviewed the Petition, Respondents' Answer (filed March 7, 2006) (doc. # 38), Respondents' Supplement (filed June 21, 2006) (doc. # 48), Turley's Supplemental Traverse" (filed July 17, 2006) (doc. # 50), the pertinent parts of the state court record, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Turley is currently incarcerated at the Limon Correctional Facility in Limon, Colorado.  (*See* Petition at p. 9).  On May 8, 1990, Turley was convicted in three separate criminal cases, 89CR1651, 89CR1652, and 89CR1827 of  "second degree kidnapping, first degree sexual assault, robbery, and three counts of habitual criminal sentencing."  (*See People v. Turley* (Colo. App. No. 90CA1542, May 20, 1993 (not published pursuant to C.A.R. 35(f)) (doc. # 8, filed June 10, 2004) ("*Turley II*"); Petition

1

at pp. 1-2).  Turley was sentenced to a life term in the Department of Corrections in 89CR1651, to be served consecutively to sentences of a life term in 89CR1652, and 89CR1827.[1]

In 89CR1827, Turley was convicted of crimes he committed against a woman on April 28, 1989, as she was walking in an alley between East Colfax Avenue and 16th Avenue in Denver, Colorado.  Turley's conviction in 89CR1827 was affirmed by the Colorado Court of Appeals on direct appeal on May 20, 1993.  (*See Turley II* (Appendix C to Respondents' Answer)).  The Colorado Supreme Court denied Turley's petition for *writ of certiorari* on December 27, 1993 in Case No. 93SC485.  (Appendix D to Respondents' Answer).  The Colorado Court of Appeals issued its mandate on January 11, 1994.  (Appendix E to Respondents' Answer).

On December 18, 1996, Turley filed *pro se* a Crim. P. 35(c) motion regarding 89CR1651 and 89CR1652.  (*See* Appendix F to Respondents' Answer at p. 3; State Court Records (doc. # 61) at pp. 1-15).  The trial court appointed counsel for Turley and on October 21, 1997, counsel filed a supplement to Turley's Crim. P. 35(c) motion. (*See* Appendix F to Respondents' Answer at p. 3; State Court Records (doc. # 61) at pp. 78-94).  Counsel also filed a consolidated Motion for Post-Conviction Relief on December 23, 1997 and a second consolidated motion for post-conviction relief on November 23, 1998.  (*See* Appendix F to Respondents' Answer at p. 3; State Court Records (doc. # 59) at pp. 146-54;  State Court Records (doc. # 60) at pp. 31-66, 113-121;  State Court Records (doc. # 61) at pp. 60-68).  The trial court denied Turley's Crim. P. 35(c) motions in orders dated November 25, 1998 and December 1, 1998. (*See* Appendix F to Respondents' Answer at p. 3;  State Court Records (doc. # 59) at

---

[1]     Turley's convictions in 89CR1651 and 89CR1652 (*aff'd*, *People v. Turley*, 870 P.2d 498 (Colo. App. 1994) ("*Turley I*") and *People v. Turley*, Colo. App. No. 92CA0874, March 24, 1994 ("*Turley III*")) are the basis for the companion Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Civil Action No. 04-cv-00789-EWN-CBS.

pp. 38-44;  State Court Records (doc. # 60) at pp. 106-112, 131;  State Court Records (doc. # 61) at pp. 37-43, 78).  On July 27, 2000, the Colorado Court of Appeals affirmed the trial court's denial of Turley's postconviction motions in 89CR1827.  (See *People v. Turley* (Colo. App. No. 99CA0037, July 27, 2000) (Appendix H to Respondents' Answer) ("*Turley V*")).  The Colorado Supreme Court denied Turley's petition for *writ of certiorari* on February 20, 2001 in Case No. 00SC710.  (Exhibit I to Respondents' Answer).  The Colorado Court of Appeals issued its mandate on March 5, 2001.  (Appendix J to Respondents' Answer).

Turley filed his first federal habeas corpus petitions on June 11, 2001 (Civil Action Nos. 01-cv-01147-ZLW and 01-cv-01148-ZLW).  *See Turley v. Estep*, 146 Fed. Appx. 272, 274 (10th Cir. 2005), *reh'g granted, order vacated*, 148 Fed. Appx. 756 (10th Cir. 2005) (doc. # 23).  Turley withdrew those petitions on or about August 24, 2001 based upon the court's indication that they were mixed petitions that contained both exhausted and unexhausted claims for relief.  *See Turley v. Estep*, 146 Fed. Appx. at 274.

On or about August 30, 2001, Turley filed *pro se* another motion for postconviction relief regarding 89CR1651, 89CR1652, and 89CR1827.  (*See* Appendix L to Respondents' Answer at p. 2; State Court Records (doc. # 61) at pp. 73-82).  In September of 2001, Turley filed a supplemental motion for postconviction relief regarding 89CR1651, 89CR1652, and 89CR1827.  (*See* Appendix L to Respondents' Answer at p. 2; State Court Records (doc. # 61) at pp. 83-102).  The trial court denied Turley's postconviction  motions.  (*See* Appendix L to Respondents' Answer at p. 2; State Court Records (doc. # 61) at p. 158).  On November 6, 2003, the Colorado Court of Appeals affirmed the trial court's denial of Turley's postconviction motions.  (*See People v. Turley*, (Colo. App. No. 01CA1991, November 6, 2003) (not published pursuant to C.A.R. 35(f)) (Appendix M to Respondents' Answer) ("*Turley VI*")).  The

Colorado Supreme Court denied Turley's petition for *writ of certiorari* on March 22, 2004 in Case No. 03SC794. (Appendix N to Respondents' Answer). The Colorado Court of Appeals issued its mandate on March 30, 2004. (Appendix O to Respondents' Answer).

Turley executed this renewed Petition to the United States District Court for the District of Colorado on April 2, 2004. (*See* Petition at p. 9).[2] On July 20, 2004, the District Court dismissed the Petition as time-barred. (*See* Order and Judgment of Dismissal (doc. # 11)). In an Order and Judgment dated August 18, 2005, the United States Court of Appeals for the Tenth Circuit affirmed the dismissal, concluding that Turley had "failed to meet his burden of demonstrating that equitable tolling should apply." *Turley v. Estep*, 146 Fed. Appx. at 275. On October 26, 2005, upon Turley's petition for rehearing, the Tenth Circuit determined that Turley had complied with the "stay-and-abeyance" procedure to meet his burden of demonstrating that equitable tolling should apply. The Tenth Circuit vacated its August 18, 2005 Order and Judgment, reversed the dismissal, and remanded the action for further proceedings. (*See Turley v. Estep*, 148 Fed. Appx. 756 (10th Cir. 2005) (doc. # 23)). The Tenth Circuit entered its mandate on November 17, 2005. (*See id.*).

II.    Analysis

The Petition raises fourteen claims: (1) that Colo. Rev. Stat. § 16-10-104(a) is unconstitutional; (2) that Turley's Fourth Amendment rights were violated when the police seized his wife's vehicle; (3) that Turley was not properly advised of his right to

---

[2]    The Tenth Circuit liberally applies the prison mailbox rule to habeas petitions governed by Colorado procedural law, requiring the court to treat the Petition "as placed in the hands of prison authorities on the same day it was signed." *Marsh v. Soares*, 223 F.3d 1217, 1218 n. 1 (10th Cir. 2000) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). Thus, the court must treat the instant Petition as filed on April 2, 2004.

testify in the habitual criminal phase of the trial; (4) that his due process and equal protection rights were violated when the trial court admitted inadmissible evidence; (5) prosecutorial misconduct; (6) that Turley received an illegal sentence under the habitual criminal statute because the underlying convictions were unconstitutional; (7) that Turley was denied a fair trial when the trial court gave improper jury instructions in the habitual criminal phase of the trial; (8) that Turley was denied a fair trial when the trial court improperly gave oral jury instructions that partially contradicted the written jury instructions; (9) that Turley was denied due process and equal protection when he was denied a severance from his co-Defendant on the habitual criminal counts; (10) that Turley was denied his right to a fair trial when hearsay evidence was admitted; (11) that Turley was denied his right to a fair trial when the jury was permitted to hear testimony regarding charges in other cases; (12) that the jury instructions on complicity were unconstitutional; (13) that Turley received ineffective assistance of trial counsel; and (14) that Turley was denied his right to a fair trial based on cumulative error. (*See* Petition at pp. 5-6j).

A.      One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents argue that the Petition is barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).  The court disagrees.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2254 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody.  28 U.S.C. § 2244(d)(1) (1996).  The limitations period runs from the date on which the state judgment became final after direct appeal, *see* 28 U.S.C.  § 2244(d)(1)(A), but is tolled during the time when a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  *See*

*also Hall v. Scott*, 292 F.3d 1264, 1267 (10th Cir. 2002) (limitations period of 28 U.S.C.
§ 2244(d) is not jurisdictional and may be subject to equitable tolling) (internal
quotation marks and citation omitted).  "Properly filed" means that the application is
filed according to a state's procedural requirements, such as the rules governing the
time and place for filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  The term "pending"
encompasses "all of the time during which a state prisoner is attempting, through
proper use of state court procedures, to exhaust state court remedies with regard to a
particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th
Cir. 1999).

Turley's conviction in 89CR1827 became final in 1994, 90 days after the
Colorado Supreme Court denied his petition for *writ of certiorari* and the Colorado Court
of Appeals issued its mandate on January 11, 1994.  *See  Locke v. Saffle*, 237 F.3d
1269, 1273 (10th Cir. 2001) (state judgment becomes final "at the end of the period in
which the prisoner could have sought review of the direct appeal of his conviction by
the United States Supreme Court");  Sup. Ct. R. 13(1) (United States Supreme Court
grants ninety days to parties after entry of judgment to petition for a writ of certiorari).

Because Turley's convictions were final prior to passage of the one-year
limitation, 28 U.S.C. § 2244(d)(1), the one-year limitation period began running on the
effective date of the limitation, on April 24, 1996.  *Fisher v. Gibson*, 262 F.3d 1135,
1142 (10th Cir. 2001).  The limitations period ran for 237 days, from April 24, 1996 until
December 18, 1996, when Turley filed his first motion for post-conviction relief pursuant
to Crim. P. 35(c).  *Turley v. Estep*, 146 Fed. Appx. at 274.  "The one-year limitation
period remained tolled until March 5, 2001, when the Colorado Supreme Court denied
the petition for certiorari seeking review of the denial of state post-conviction relief."
*Turley v. Estep*, 146 Fed. Appx. at 274.

The limitations period ran for an additional 98 days from March 5, 2001 until

Turley filed his first federal habeas petition on June 11, 2001.  The filing of a federal habeas corpus petition does not trigger § 2244(d)(2) to suspend the running of the one-year statute of limitations.  *Duncan v. Walker*, 533 U.S. 167, 181 (2001).  "Although the Supreme Court has concluded that the limitations period of § 2244(d)(2) is not tolled by statute during the pendency of a first habeas petition, the Court's construction of this section of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not preclude a federal court from exercising its equitable powers."  *Hall v. Scott*, 292 F.3d 1264, 1267 (10th Cir. 2002).  The Tenth Circuit "has recognized that equitable tolling of the one-year statute of limitations is available, but only in rare and exceptional circumstances."  *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

> "AEDPA's one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient."

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000) (citations and quotations omitted).  *See also Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001) ("Equitable tolling 'is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control'") (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000).

Turley withdrew his federal habeas corpus petition on August 24, 2001.  *See Turley v. Estep*, 146 Fed. Appx. at 274.  Initially, the Tenth Circuit determined that Turley's filing of his federal habeas corpus petition on June 11, 2001 did not toll the one-year limitations period until the withdrawal of his federal habeas corpus petition on August 24, 2001 because Turley had not presented "'rare and exceptional circumstances' that were beyond his control" or met "his burden of demonstrating that equitable tolling should apply."  *Turley v. Estep*, 146 Fed. Appx. at 275.  However, the

Tenth Circuit subsequently concluded that Turley had "sufficiently complied with the 'stay-and-abeyance' procedure to carry his burden of demonstrating that equitable tolling should apply." *Turley v. Estep*, 148 Fed. Appx. at 756. The Tenth Circuit's ruling meant that the one-year limitation period was tolled from the date of filing of Turley's federal habeas corpus petition on June 11, 2001 to the date Turley withdrew his federal habeas corpus petition on August 24, 2001.

Tolling of the one-year period continued based upon the filing of Turley's second Crim. P. 35(c) motion on or about August 23, 2001. *See Turley v. Estep*, 146 Fed. Appx. at 274. The trial court denied Turley's second 35(c) motion and his supplemental 35(c) motion. (*See* State Court Records (doc. # 59) at pp. 146-154; State Court Records (doc. # 60) at pp. 113-121; State Court Records (doc. # 61) at pp. 60-68). The Colorado Court of Appeals affirmed the trial court's denial of Turley's postconviction motions on November 6, 2003. (*See Turley VI* (Appendix M to Respondents' Answer)). The Colorado Supreme Court denied Turley's petition for *writ of certiorari* on March 22, 2004 and the Colorado Court of Appeals issued its mandate on March 30, 2004. (*See* Appendices N and O to Respondents' Answer).

The limitations period then ran for an additional 8 days from the Colorado Court of Appeals' mandate on March 30, 2004 until Turley filed this Petition on April 7, 2004. In sum, taking into account equitable tolling as directed by the Tenth Circuit Court of Appeals, Turley filed this Petition 343 days after his convictions in 89CR1651 and 89CR1652 became final, within the one-year limitations period.

B.    Exhaustion of State Remedies and Procedural Default

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Before a state prisoner may raise a federal constitutional claim attacking his state conviction in a

federal habeas corpus proceeding pursuant to 28 U.S.C. § 2254, he or she must have first exhausted state remedies and provided the state courts with a fair opportunity to apply controlling legal principles to facts bearing on the constitutional claims. *Miranda v. Cooper*, 967 F.2d 392, 397 (10th Cir. 1992). This principle has been codified in 28 U.S.C. § 2254(b)(1).

Exhaustion requires that a habeas corpus petitioner "present the state courts with the same claim he urges upon the federal courts." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The exhaustion requirement is satisfied when the state courts have had "one full opportunity" to pass upon and correct alleged constitutional violations. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court. *O'Sullivan*, 526 U.S. at 845-47. It is not sufficient that the claim asserted in a federal habeas application is somewhat similar to one presented to the state courts. *Anderson v. Harless*, 459 U.S. 4, 6 (1982). Additionally, in order to meet the exhaustion requirements of § 2254(b)(1), the claim advanced pursuant to federal habeas must have been submitted to the state courts as one arising under the federal constitution.

As a threshold matter, Respondents contend that Turley has failed to exhaust his state court remedies as to Claims Five, Six, Seven, Eight, Nine, Twelve, part of Claim Thirteen, and Claim Fourteen. Respondents further contend that Turley is now procedurally barred from bringing these issues before the state courts and that these claims should be dismissed with prejudice due to procedural default.

1.      Exhaustion of Claims Five through Nine and Twelve through Fourteen

In Claim Five, Turley alleges that he was denied a fair trial based on prosecutorial misconduct in eliciting testimony that he was in jail when his wife visited

him prior to trial.  (Petition at p. 6d; *see also* "Supplemental Traverse" (doc. # 50) at pp.

1-5).  Respondents correctly argue that Turley did not exhaust this claim because he

did not seek review of this claim in the Colorado Supreme Court.  (See doc. # 8

(petition for *writ of certiorari* of *Turley V*) (00SC710)).  Because Turley did not fully

present this claim to the state courts, he has not exhausted his state remedies as to

Claim Five.  *See O'Sullivan*, 526 U.S. at 845-47.[3]

In Claim Six, Turley alleges that he received an illegal sentence under the

habitual criminal statute because the three underlying convictions were unconstitutional

(Petition at pp. 6d-6f).  Turley argues that his 1981 Denver County conviction for first

degree sexual assault, his 1982 Arapahoe County conviction for first degree sexual

assault, and his 1979 Adams County conviction for aggravated motor vehicle theft were

all constitutionally invalid.  Respondents correctly argue that Turley did not exhaust his

claim regarding the validity of his 1979 Adams County conviction because he did not

seek review of this claim in the Colorado Supreme Court.  (*See* doc. # 8 (petition for

*writ of certiorari* of *Turley V*) (00SC710);  *see also* State Court Records (doc. # 60) at

pp. 136-150 (petition for *writ of certiorari* of *Turley IV*) (00SC711)).  Because Turley did

not fully present to the state courts his claim regarding the validity of his 1979 Adams

County conviction, he has not exhausted his state remedies as to this portion of Claim

Six.  *See O'Sullivan*, 526 U.S. at 845-47.

In Claim Seven, Turley alleges that he was denied a fair trial when the trial court

failed to give proper jury instructions regarding the elements and standard of proof to

support a habitual criminal conviction.  (*See* Petition at pp. 6f).  Respondents correctly

argue that Turley did not exhaust this claim because he did not seek review of this

claim in the Colorado Supreme Court.  (*See* (doc. # 8) (petition for *writ of certiorari* of

---

[3]   The court examined the merits of this claim in Civil Action No. 04-cv-00789-EWN-CBS.

*Turley IV*) (00SC710)).  Turley has not exhausted his state remedies as to this claim.
*See O'Sullivan*, 526 U.S. at 845-47 (exhaustion requirement is satisfied when the state courts have had "one full opportunity" to pass upon and correct alleged constitutional violations).

In Claim Eight, Turley alleges that he was denied a fair trial when the trial court gave contradictory written and oral jury instructions in the habitual criminal phase of the trial.  (*See* Petition at pp. 6g).  Respondents correctly argue that Turley did not exhaust this claim because he did not seek review of this claim in the Colorado Supreme Court. (*See* (doc. # 8) (petition for *writ of certiorari* of *Turley IV*) (00SC710)).  Turley has not exhausted his state remedies as to this claim.

In his Claim Nine, Turley alleges that he was denied due process and equal protection when the trial court denied severance of the habitual criminal counts as to him and his co-defendant, Vernon Turley.  (Petition at p. 6g).  Turley argues that he was prejudiced by having his and his brother's habitual criminal counts tried together. (Petition at p. 6g).  Turley did not raise this claim in the Colorado Court of Appeals. (*See Turley II* and *Turley V*) (Appendices C and H to Respondents' Answer)).  Thus, Turley has not exhausted his state remedies as to this claim.

In Claim Twelve, Turley alleges that the jury instructions on complicity "were found to be unconstitutional by the Colorado Supreme Court."  (Petition at p. 6I). Turley did not raise this claim in the Colorado Court of Appeals.  (*See Turley II* and *Turley V* (Appendices C and H  to Respondents' Answer)).  Thus, Turley has not exhausted his state remedies as to this claim.

In his Claim Thirteen, Turley alleges ineffective assistance of trial counsel for failing to adequately challenge the validity of the underlying convictions used as evidence in the habitual criminal trial, improperly informing Turley of his right to testify at the habitual criminal trial, and failing to move for a mistrial based on the co-

11

defendant's counsel's incompetence.  (Petition at p. 6i-6j).  In the Colorado Court of Appeals, Turley raised his claim of ineffective assistance of trial counsel based only on the failure to adequately challenge the validity of the underlying convictions used as evidence in the habitual criminal trial.  (*See Turley VI* (Appendix M to Respondents' Answer); *see also* Appendix K to Respondents' Answer at pp. 4-7).  Thus, Turley did not exhaust his state remedies as to all of his claims of ineffective assistance.  While it appears to this court that Turley did not raise the merits of Claim Thirteen in the Colorado Supreme Court  (*See* doc. # 8 (petition for *writ of certiorari* of 01CA1991 (*Turley VI*) (03SC794)), Respondents concede that Turley exhausted his state remedies as to his claim that trial counsel was ineffective in failing to challenge the validity of his prior convictions.  (*See* Respondents' Answer (doc. # 38-1) at p. 17).

In Claim Fourteen, Turley alleges cumulative error.  Respondents correctly argue that Turley did not exhaust this claim because he did not seek review of this claim in the Colorado Supreme Court.  (*See* (doc. # 8) (petition for *writ of certiorari* of *Turley IV*) (00SC710)).  Turley has not exhausted his state remedies as to this claim.

2.     Procedural Default

"Generally, when a habeas petitioner has failed to exhaust state court remedies, a federal court should dismiss the petition without prejudice so that those remedies may be pursued."  *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997).  However, "if the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for purposes of federal habeas review."  *Dulin v. Cook*, 957 F.2d 758, 759 (10th Cir. 1992) (citation omitted).

Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the

claims may be barred. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A state procedural rule is independent if it relies on state law, rather than federal law, as the basis for the decision. *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998). To be adequate, "a state's procedural rule used to bar consideration of a claim must have been firmly established and regularly followed by the time as of which it is to be applied." *Walker v. Attorney General for the State of Oklahoma*, 167 F.3d 1339, 1344 (10th Cir. 1999) (citations and internal quotation marks omitted). *See also Hickman v. Spears*, 160 F.3d 1269, 1270 (10th Cir. 1998) (state procedural rule is adequate if the state strictly or regularly follows it and applies the rule evenhandedly to all similar claims).

Procedural default is a matter of state law. Turley can no longer raise his unexhausted claims in the state courts on direct appeal. *See* C.A.R. 4(b), 52(b). Once the time for direct appeal has expired, the appropriate method of attacking a criminal conviction is through a motion pursuant to Colo. R. Crim. P. 35(c).

A post-conviction proceeding is "supplementary to the direct appeal." *People v. Valdez*, 911 P.2d 703, 704 ((Colo. App. 1996). The remedy provided by Rule 35 is not a substitute for direct appeal. *People v. Shearer*, 508 P.2d 1249, 1253 (Colo. 1973). The court "shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant." Crim. P. 35(c)(3)(VI). Thus, Turley "is prohibited from using a proceeding under Crim. P. 35 to relitigate issues fully and finally resolved in an earlier appeal." *DePineda v. Price*, 915 P.2d 1278, 1281 (Colo. 1996). The unexhausted issues alleged in the Petition concern facts that had taken place or were within Turley's knowledge prior to his direct appeal. Post-conviction review of Turley's unexhausted claims would be nothing more than a second appeal addressing the same issues. *See People v. Bastardo*, 646 P.2d 382, 383 (1982). A postconviction motion will be dismissed if it constitutes "nothing more than a

second appeal addressing the same issues on some recently contrived constitutional theory." *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (internal quotation marks and citation omitted). The prohibition on raising claims in a post-conviction petition that could have been brought on direct appeal is an adequate and independent state procedural bar to federal habeas review.  Claims Five, Seven, Eight, Nine, Twelve, Fourteen, part of Claim Six and part of Claim Thirteen are procedurally barred from consideration by this court.

   3.   Exceptions to Procedural Default

The court must next determine whether an exception applies which would overcome the procedural bar and allow Turley's defaulted claim to be reviewed by this court.  Claims which have been procedurally defaulted must be dismissed with prejudice unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or alternatively, that failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 749-50.

The determination of cause and prejudice and of a fundamental miscarriage of justice are both matters of federal law.  *See Murray v. Carrier*, 477 U.S. 478, 489, 106 S. Ct. 2639 (1986).  In order to meet the "cause" element of the cause and prejudice standard, a petitioner must demonstrate that his failure to properly raise his federal constitutional claims in state court was the result of some objective factor external to the defense.  *Carrier*, 477 U.S. at 488;  *Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).  "As for prejudice, a petitioner must show actual prejudice resulting from the errors of which he complains."  *Johnson v. Champion*, 288 F.3d 1215, 1227 (10th Cir. 2002) (internal quotation marks and citation omitted).  "More specifically, a petitioner must demonstrate actual prejudice resulting from the alleged constitutional violation."

*Johnson*, 288 F.3d  at 1227 (internal quotation marks and citation omitted).

"As an alternative to showing cause and prejudice, a procedurally defaulted petitioner can obtain federal review of his claims if he or she can demonstrate that failure to consider them will result in a fundamental miscarriage of justice." *Parkhurst v. Shillinger*, 128 F.3d 1366, 1372 (10ht Cir. 1997) (citation omitted).  The fundamental miscarriage of justice exception is an "extremely narrow exception, implicated only in 'an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent.' " *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999) (quoting *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (10th Cir.1993) (quoting *Murray*, 477 U.S. at 496)).

Turley has not asserted any cause or prejudice for his failure to properly raise his defaulted claims in state court.  Nor has he claimed or shown that the application of a procedural bar against his defaulted claims will result in a fundamental miscarriage of justice.  The court concludes that Turley has not demonstrated "cause and prejudice" or a fundamental miscarriage of justice sufficient to excuse the procedural default.  Turley's Claims Five, Seven, Eight, Nine, Twelve, Fourteen, part of Claim Six, and part of Claim Thirteen are properly dismissed with prejudice.  *See Coleman*, 501 U.S. at 749-50.

The court proceeds to examine the merits of Turley's remaining non-defaulted claims.

C.     Merits of Non-Defaulted Claims

1.     Standard of Review

Turley filed this habeas proceeding after the April 24, 1996 effective date of the AEDPA.  Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d) and (e), as amended by the AEDPA. *Williams v. Taylor*, 529

15

U.S. 362, 402 (2000).  *See also Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)").

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d).  The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640.  In determining whether the state court decision "involved an unreasonable application of clearly established Federal law,"

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

When applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Turley] bears the burden of rebutting this presumption by clear and convincing evidence."  *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)), *cert. denied*, 540 U.S. 833, 124 S. Ct. 80 (2003).  *See also Fields v. Gibson*, 277 F.3d 1203, 1215-16 (10th Cir.) (if the court treats the issue as a factual determination under § 2254(d)(2) and (e)(1), it must ask whether the

petitioner has "rebutted the presumption of correctness by showing, by clear and convincing evidence, that the state court's decision was an unreasonable determination of the facts"), *cert. denied*, 537 U.S. 1023, 123 S. Ct. 533 (2002).

> 2.   Analysis

>> a.   Turley's Claim One

Turley contends that the postconviction court erred when it denied his first motion for postconviction relief alleging that the trial court's application of Colo. Rev. Stat. § 16-10-104(1) violated his equal protection rights.  Section 16-10-104(1) governs peremptory challenges of jurors.

> In capital cases, the state and the defendant, when there is one defendant, shall each be entitled to ten peremptory challenges. In all other cases, where there is one defendant and the punishment may be by imprisonment in the correctional facilities operated by the department of corrections, the state and the defendant shall each be entitled to five peremptory challenges, and in all other cases to three peremptory challenges. If there is more than one defendant, each side shall be entitled to an additional three peremptory challenges for every defendant after the first in capital cases, but not exceeding twenty peremptory challenges to each side; in all other cases, where the punishment may be by imprisonment in the correctional facilities operated by the department of corrections, to two additional peremptory challenges for every defendant after the first, not exceeding fifteen peremptory challenges to each side; and in all other cases, to one additional peremptory challenge for every defendant after the first, not exceeding ten peremptory challenges to each side. In any case where there are multiple defendants, every peremptory challenge shall be made and considered as the joint peremptory challenge of all defendants. In case of the consolidation of any indictments, informations, complaints, or summonses and complaints for trial, such consolidated cases shall be considered, for all purposes concerning peremptory challenges, as though the defendants had been joined in the same indictment, information, complaint, or summons and complaint. . . .

Colo. Rev. Stat. § 16-10-104.

"At the time of [Turley's] convictions at issue here, the sentencing statute required a minimum of life in prison without eligibility for parole for 40 years for a class 1 felony.  The same sentence was at that time mandatory for one found to be an

habitual criminal." *Turley IV*, 18 P.3d at 804-05.  At trial, Turley was permitted four peremptory challenges.  (Petition at p. 5).  Turley argues that a criminal defendant in a non-capital case facing life in prison as a result of an habitual criminal conviction pursuant to Colo. Rev. Stat. § 18-1.3-801 (formerly located at Colo. Rev. Stat. § 16-13-101) is denied the constitutional guarantees of equal protection of the laws and due process because under Colo. Rev. Stat. § 16-10-104, a criminal defendant facing life in prison in a capital case is permitted additional peremptory challenges.  (Petition at pp. 5-5b).

The equal protection clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV.  "The threshold requirement of an Equal Protection claim is a showing that the government discriminated among groups." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001).  "A state practice will not require strict judicial scrutiny unless it interferes with a 'fundamental right' or discriminates against a 'suspect class' of individuals." *Vasquez v. Cooper*, 862 F.2d 250, 252 (10th Cir.1988).  "Unless a legislative classification either burdens a fundamental right or targets a suspect class, it need only bear a 'rational relation to some legitimate end' to comport with the Equal Protection Clause of the Fourteenth Amendment." *White v. Colorado*, 157 F.3d 1226, 1234 (10th Cir.1998) (quoting *Romer v. Evans*, 517 U.S. 620, 631 (1996)) (emphasis added).  *See also Vasquez*, 862 F.2d at 251-52 ("Unless it provokes strict judicial scrutiny, a state practice that distinguishes among classes of people will typically survive an equal protection attack so long as the challenged classification is rationally related to a legitimate governmental purpose") (citation omitted).

Turley is not asserting a fundamental constitutional interest. *See Georgia v. McCollum*, 505 U.S. 42, 57 (1992) ("peremptory challenges are not constitutionally protected fundamental rights; rather, they are but one state-created means to the

18

constitutional end of an impartial jury and a fair trial"). Nor is Turley asserting a suspect classification. Therefore, the classification Turley challenges is subject to only a rational basis review, which is the lowest level of equal protection scrutiny. *Riddle v. Mondragon*, 83 F.3d 1197, 1207 (10th Cir. 1996) (citation omitted). "Moreover, because legislation subject to rational basis review is presumptively constitutional, the burden is on [Turley] to establish that the statute is irrational or arbitrary and that it cannot conceivably further a legitimate governmental interest." *Riddle*, 83 F.3d at 1207 (internal quotation marks and citation omitted). "Under this rational basis test, a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it." *Riddle*, 83 F.3d at 1207 (citation omitted).

The Colorado Court of Appeals ruled that the state's "distinction between those charged with class 1 felonies and those charged with lesser felonies . . . is not irrational inasmuch as class 1 felonies are plainly the most serious offenses, and the General Assembly could rationally perceive that additional procedural protections for such Defendants are warranted." *Turley IV*, 18 P.3d at 805. Further, "[b]ecause being an habitual offender is not a substantive offense but is, instead, a sentence enhancing circumstance," the Colorado Court of Appeals did "not perceive any irrationality in defendant receiving fewer peremptory challenges than afforded to defendants facing prosecution for the most serious offenses recognized under our law." *Turley IV*, 18 P.3d at 805 (citing *People v. Edwards*, 971 P.2d 1080 (Colo. App. 1998) (habitual criminal sentencing is not a substantive offense but rather a sentence enhancer)).

Turley has not demonstrated that Colo. Rev. Stat. § 16-10-104 is "irrational or arbitrary and that it cannot conceivably further a legitimate governmental interest." *Riddle*, 83 F.3d at 1207 (internal quotation marks and citation omitted). The Colorado courts' adjudication on this issue was not contrary to or an unreasonable application of federal law as determined by the Supreme Court. Thus, Turley's Claim One fails.

b.     Turley's Claim Two

Turley alleges that his Fourth Amendment rights were violated when the police seized his wife's Chevrolet Blazer.  (Petition at pp. 6-6b).

Prior to trial, Turley moved to suppress evidence acquired in the search of his wife's Chevrolet Blazer.  The trial court held a hearing outside the presence of the jury and determined that probable cause existed to seize the Blazer prior to obtaining a search warrant and that there was a practical risk that the Blazer would be unavailable to search by the time a warrant could be obtained.  (*See* State Record in Colorado Court of Appeals No. 05CA1287, *People v. Vernon Turley*, Vol. 7 at pp. 6-9, 19-29, Vol. 8 (Dec. 4, 1989) at pp. 16-19, 27-38, (Dec. 5, 1989) at pp. 18-21, 23-29, Vol. 11 at pp. 28-31).[4]  On direct appeal, the Colorado courts affirmed the trial court's determination that there was probable cause and a practical risk that the vehicle would be unavailable to search by the time a warrant was obtained.  (*See Turley V* at p. 2 (Appendix H to Respondents' Answer); Appendix I to Respondents' Answer).

"[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Stone v. Powell*, 428 U.S. 465, 481-82 (1976).  The Tenth Circuit Court of Appeals "has held that *Stone's* opportunity for full and fair consideration and/or litigation includes, but is not limited to[,] the procedural opportunity to raise or otherwise present a Fourth Amendment claim[ ] and the full and fair evidentiary hearing contemplated by *Townsend v. Sain*, 372 U.S. 293 (1963)." *Cannon v. Gibson*, 259 F.3d 1253, 1260-61 (10th Cir. 2001)

---

[4]     The trial transcript and other state court records pertinent to this Petition are part of Colorado Court of Appeals No. 05CA1287, People v. Vernon Turley, currently available at the Colorado Court of Appeals, Colorado State Judicial Building, 2 East 14th Avenue 3rd Floor, Denver CO 80203.

(citation omitted).  "That standard further contemplates recognition and at least colorable application of the correct Fourth Amendment constitutional standards." *Cannon*, 259 F.3d at 1261 (internal quotation marks and citation omitted).

First, the state court proceedings sufficed to provide Turley with an opportunity for full and fair litigation of this claim.  Second, Turley points to no authority mandating reversal but ignored by the state court, and the court has found none.  *See Gamble v. State of Oklahoma*, 583 F.2d 1161, 1165 (10th Cir. 1978) ("[A] federal court is not precluded from considering Fourth Amendment claims in habeas corpus proceedings where the state court wilfully refuses to apply the correct and controlling constitutional standards").

Further, the police had both probable cause and justification for seizing and searching the Blazer.  The police had ample facts to support their belief that there was "a fair probability that contraband or evidence of a crime" would be found inside the Blazer.  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The police seized the Blazer "because it was identified by the victim as possibly the one used by defendant, which is sufficient to establish the necessary probable cause."  (*Turley V* (Appendix H to Respondents' Answer) at p. 2).

There were exigent circumstances that justified the warrantless seizure. The Supreme Court has noted that "[t]he mobility of automobiles, . . . creates circumstances of such exigency that, as a practical necessity, rigorous enforcement of the warrant requirement is impossible." *California v. Carney*, 471 U.S. 386, 391 (1985) (internal quotation marks omitted).  *See also United States v. Swanson*, 341 F.3d 524, 531 (6th Cir. 2003) (A warrantless seizure of an automobile is reasonable if there is "probable cause that an automobile contains evidence or fruits of a crime plus exigent circumstances") (internal quotation marks and citation omitted).  Turley's wife or others would have been free to move the Blazer, and perhaps destroy or dispose of evidence

or even the vehicle itself.  The police were justified in seizing the car and searching it.
*See, e.g., Autoworld Specialty Cars, Inc. v. United States*, 815 F.2d 385, 389 (6th
Cir.1987) (upholding the warrantless seizure of cars out of a showroom because the
officers had probable cause and because of the inherent mobility of cars); *United
States v. Graham*, 275 F.3d 490, 511 (6th Cir.2001) (affirming district court's denial of
motion to suppress evidence recovered from a pickup truck because the agent had
probable cause to search the truck and the inherent mobility of the truck).

It is clear from the record and the decisions issued by the state trial and
appellate courts that Turley had a full and fair opportunity to litigate his Fourth
Amendment claim in state court.  Nor did the state courts "wilfully refuse to apply the
correct and controlling constitutional standards."  *Gamble*, 583 F.2d at 1165. Turley is
not entitled to habeas relief on Claim Two.


c.      Turley's Claim Three

Turley alleges that the trial court did not properly advise him of his right to testify
and thus, did not obtain a valid waiver of that right, in violation of his due process and
equal protection rights.  (Petition at pp. 6, 6c).  More specifically, Turley argues that: (1)
the trial court's advisement inadequately informed him of the consequences of his
decision to testify in one case but not the other, and (2) because he was not separately
advised of his right to testify during the habitual phase of the trial, he might mistakenly
have believed that waiver of the right to testify during the substantive phase also
operated as a waiver at the habitual phase.  (Petition at pp. 6, 6c).

A state court is free to adopt more exacting due process requirements than the
federal constitution requires.  Under Colorado law, a trial court is required to advise a
defendant of the right to testify and obtain a formal waiver of that right.  *People v.
Curtis*, 681 P.2d 504 (Colo. 1984).  In adopting this heightened requirement of

advisement, the Colorado Supreme Court acknowledged that a majority of courts addressing the issue have not required that waiver of the right to testify be made in open court, on the record. *Curtis*, 681 P.2d at 512 n.9.

It is axiomatic that federal habeas relief is limited to circumstances in which a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). The Tenth Circuit Court of Appeals has held that there is no constitutional or statutory mandate that a trial court inquire into a defendant's decision not to testify in the absence of specific circumstances that might trigger an inquiry. *United States v. Janoe*, 720 F.2d 1156, 1161 (10th Cir. 1983) (specifically rejecting a defendant's contention that the "record [must be] clear that defendant knowingly and voluntarily 'after full consultation with his counsel,' gave up the right to testify"). The Tenth Circuit later reaffirmed and clarified its holding in *Janoe*, concluding that the trial court does not have a *sua sponte* duty to conduct a colloquy with the defendant at trial to determine whether the defendant has knowingly and intelligently waived the right to testify, and that absent triggering circumstances, a trial court is not required to inquire into the defendant's decision not to testify. *United States v. Dryden*, 141 F.3d 1186 at **1-2 (10th Cir. 1998) (unpublished) (citations omitted), *vacated in part on other grounds,* 166 F.3d 1222 (1998).

Here, the trial court advised Turley on the record of his right to testify. (*See* trial transcript in 89CR1651, 89CR1652, and 89CR1827, volume 25 at pp. 531-34 and volume 26 at pp. 537-41 (People's Exhibit C to Appendix G in Civil Action No. 04-cv-00789-EWN-CBS)). The trial court permitted Turley to confer with his counsel over the evening recess about his decision whether to testify. (*See id.*). The next day, Turley indicated to the court that he wished to testify regarding the charged assault on Ms. Lucero but wished not to testify regarding the charged assault on Ms. Koji. The trial

court explained to Turley that because the cases were consolidated, his testimony in one case could be used in both cases. (*Turley III* (Appendix H to Respondents' Answer in  Civil Action No. 04-cv-00789-EWN-CBS) at pp. 9-11).  Turley's counsel made an extensive record on Turley's ultimate decision not to testify.  (*See* trial transcript in 89CR1651, 89CR1652, and 89CR1827, volume 26 at pp. 538-41 (People's Exhibit C to Appendix G in Civil Action No. 04-cv-00789-EWN-CBS)).  The record fully supports the trial court's finding and the appellate court's review that Turley voluntarily, knowingly and intentionally waived his right to testify.  The state trial court went beyond what the federal constitution requires.  As to the second part of Turley's argument, no second advisement for the habitual phase of the trial is necessary under either Colorado or federal law.  *Turley IV*, 18 P.3d at 806 (citations omitted).  Turley's Claim Three is without merit.

d.     Turley's Claims Four, Ten, and Eleven

Turley alleges that his due process and equal protection rights were violated when the trial court admitted inadmissible evidence (Petition at pp. 6c-6d, 6h-6i). During the trial, references were made to Turley being in custody and to arrest and search warrants that were issued regarding Turley and his wife's Chevrolet Blazer. Defense counsel objected to the references to arrest and search warrants and moved for a mistrial.  "The trial court overruled the objections and denied the mistrial motions, finding that the jury was not apprised -- by the statements or testimony -- of the existence of other charges, that the evidence was relevant to show the history of the arrest, and that by proper instructions as to the burden of proof beyond a reasonable doubt, the jury would not be confused or misled by any earlier references to probable cause."  *(Turley II* (Appendix C to Respondents' Answer) at p. 1).  The Colorado Court of Appeals determined that the trial court did not abuse its discretion by admitting into

evidence these references to arrest and search warrants. . . ." (*Turley II* at p. 1).  On appeal of the trial court's denial of Turley's postconviction motion, the Colorado Court of Appeals determined that the references to Turley being in custody did not undermine "the fundamental fairness of his trial . . . ." (*Turley V* (Appendix H to Respondents' Answer) at p. 7).

Federal courts do not grant habeas relief for errors of state law.  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  "Federal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights." *Thornburg v. Mullin*, 422 F.3d 1113, 1128-29 (10th Cir. 2005) (quoting *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999)).  A state court ruling on an evidentiary matter only warrants federal habeas relief when it renders the trial so fundamentally unfair as to deny the defendant his right to due process.  *Mayes v. Gibson*, 210 F.3d 1284, 1293 (10th Cir. 2000) (citation omitted).  The appropriate inquiry is thus whether the admission of the challenged evidence "rendered the proceeding fundamentally unfair."  *Thornburg*, 422 F.3d at 1129 (citation omitted).

The implied references to which Turley objects did not inform the jury of any other specific charges.  Moreover, the trial judge instructed the jury on the burden of proof beyond a reasonable doubt in determining Turley's guilt.  Even if the evidence were erroneously admitted, Turley has not made a substantial showing that he was denied the fundamental fairness required by the Constitution.  Turley is not entitled to habeas relief on Claims Four, Ten, and Eleven.

       e.     Turley's Claim Six

In the part of this claim that Respondents concede is not procedurally defaulted, Turley alleges that he received an illegal sentence under the habitual criminal statute because the underlying convictions were unconstitutional (Petition at pp. 6d-6f).  Turley

argues that his 1981 Denver County conviction for first degree sexual assault and  his 1982 Arapahoe County conviction for first degree sexual assault were constitutionally invalid.[5]

On direct appeal of 89CR1651, Turley argued "that his 1981 Denver County conviction for first degree sexual assault was constitutionally infirm because the trial court failed to explain adequately the consequences of pleading guilty, specifically alleging that he was not advised of a mandatory one year period of parole." *Turley I*, 870 P.2d at 504.  The Colorado Court of Appeals concluded "that the record as a whole adequately reflects that the conviction was "constitutionally obtained." *Turley I*, 870 P.2d at 504.

> The record of the advisement reflects that the defendant stipulated to a sentence in the lower end of the aggravated range for a class three felony and received a sentence of eight years and one month. The trial court advised the defendant that he would be sentenced in excess of eight years. Defense counsel requested immediate sentencing, and after the sentence was imposed and in the presence of the defendant, counsel verified with the trial court that the sentence would also include one year of parole.
>
> . . . . The defense made no objection at the time to the one-year period of parole, and it appears that the defendant was adequately advised of the direct consequences of pleading guilty. Defense counsel's statement regarding the one-year period of parole supports the presumption that the applicable sentence was explained to the defendant by his attorney. We conclude the trial court correctly found that this was a valid conviction.

*Turley I*, 870 P.2d at 504 (citation omitted).

On direct appeal of 89Cr1652, Turley argued that his 1981 Denver County guilty plea was unconstitutional because "he was not told that he would receive a mandatory one year period of parole." (*Turley III* (Appendix H to Respondents' Answer at p. 12)). The Colorado Court of Appeals concluded that Turley "was adequately advised of and understood the consequences of his guilty plea to a sex offense." (*Turley III* at p. 13).

---

[5]   Turley has procedurally defaulted his claim that his 1979 Adams County conviction for aggravated motor vehicle theft was constitutionally invalid.

Turley further argued that his 1981 Denver County and 1982 Arapahoe County convictions were invalid because "he was not properly advised on sex offender sentencing as required by § 16-13-204, C.R.S. (1986 Repl. Vol. 8A)." (Appendix H to Respondents' Answer at p. 13; s*ee also Turley I*, 870 P.2d at 504). The Colorado Court of Appeals disagreed and determined that the 1981 Denver County and the 1982 Arapahoe County convictions were valid.

> [B]ecause sentencing under the sex offender act was not contemplated pursuant to the plea agreements, we conclude that the defendant received the benefit of the bargain made by him, and he incurred no harm as a result of the claimed inadequacy of the advisement.

*Turley I*, 870 P.2d at 504 (citation omitted).

> The defendant knew at the time he entered into the plea that he would receive the exact amount of time for which he was sentenced. As a part of the pleas, defendant was aware of an agreed to the sentences to be imposed. The defendant knew he would not be sentenced as a sex offender and waived his right to be informed under § 16-13-204.

*Turley III* (Appendix H to Respondents' Answer at pp. 13-14) (citation omitted).

The state courts' determinations on this issue were in accordance with federal law. Turley's pleas of guilty in the 1981 Denver County and 1982 Arapahoe County cases waived all non-jurisdictional challenges to the convictions. *United States v. Gines*, 964 F.2d 972, 977 (10th Cir.1992) (citations omitted). The only avenue left for Turley to challenge the convictions is to allege that the pleas were not made on a voluntary and intelligent basis. *See United States v. Wright*, 43 F.3d 491, 495 (10th Cir. 1994) ("Having pleaded guilty, a defendant's only avenue for challenging his conviction is to claim that he did not voluntarily or intelligently enter his plea") (citation omitted). A guilty plea in state court will be upheld if the circumstances indicate that the defendant understood the nature and consequences of the charges against him and the defendant deliberately chose to plead guilty. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970) ("The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the

defendant"); *Brady v. United States*, 397 U.S. 742, 748 (1970) ("Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences") (citations omitted); *Wright*, 43 F.3d at 495 ("a defendant who has pleaded guilty may thereafter only challenge the voluntariness of his plea") (citation omitted).

The records reviewed by the state courts of both Turley's 1981 Denver County conviction for first degree sexual assault and Turley's 1982 Arapahoe County conviction for first degree sexual assault reflect that Turley was notified of the charges against him, understood the nature and consequences of the charges, and voluntarily chose to plead guilty. *See Turley I*, 870 P.2d at 504; *Turley III* (Appendix H to Respondents' Answer at pp. 12-14) (citation omitted). As Turley's 1981 Denver County and 1982 Arapahoe County convictions were constitutionally valid, Turley is not entitled to habeas relief on this claim.

> f.     Turley's Claim Thirteen

In the only part of this claim that Respondents concede is not procedurally defaulted, Turley alleges that he received ineffective assistance due to trial counsel's failure to investigate and challenge the 1979 Adams County conviction and the 1981 Denver County conviction underlying the habitual criminal count. (*See* Petition at pp. 6i-6j). The trial court denied this claim in the context of Turley's "second set of consolidated motions for Crim P. 35(c) relief." (*Turley VI* (Appendix R to Respondents' Answer in Civil Action No. 04-cv-00789-EWN-CBS) at p. 2). The Colorado Court of Appeals denied this claim on appeal, concluding that trial counsel could not have been effective for failing to raise challenges that were time-barred by Colo. Rev. Stat. § 16-5-402 (2002). *(Turley VI* at pp. 3-4). Section 16-5-402 required Turley to collaterally

attack his 1979 and 1981 convictions by July 1, 1989.  As the charges in 89CR1651, 89CR1652, and 89CR1827 had not been filed as of July 1, 1989, "trial counsel cannot be faulted for failing to pursue challenges that, as a matter of law, would be barred by § 16-5-402."  (*Turley VI* at pp. 3-4).  "In reaching this conclusion," the Colorado Court of Appeals "necessarily rejected defendant's assertion that challenges to his 1979 conviction were not time barred," based on a previous rejection of the same argument. (*Turley VI* at p. 4 (citing *Turley IV*, 18 P.3d at p. 806)).  The Colorado Court of Appeals further determined that Turley's "assertions of conflicted trial counsel" would not "excuse application of the § 16-5-402 time bar."  (*Turley VI* at p. 4).

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

> To prove ineffective assistance of counsel under *Strickland*, a petitioner must show (1) that trial counsel's performance was deficient, i.e., that he ‹fell below an objective standard of reasonableness,' and (2) that ‹there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'  In assessing whether counsel's performance was deficient, we must free ourselves from the ‹distorting effects of hindsight' by indulging in a strong presumption that counsel acted reasonably. Thus, counsel's performance is not deficient as long as it ‹falls within the wide range of reasonable professional assistance' and ‹might be considered sound trial strategy.'

*Parker v. Scott*, 394 F.3d 1302, 1320-21 (10th Cir. 2005) (citations omitted).  Turley "has the burden of rebutting the presumption that his counsel acted reasonably."  *Id.* at 1321.

First, this claim is not cognizable in a federal habeas action.  The Colorado courts determined that Turley's claim failed based on state procedural law, Colo. Rev. Stat. § 16-5-402.  Federal "habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process

violation." *Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) (citations omitted).  Turley's claim of error by the state court in applying  Colo. Rev. Stat. § 16-5-402 does not amount to a federal constitutional claim that is cognizable in this federal habeas action.  *See People v. Wiedemer*, 852 P.2d 424 (Colo. 1993) (holding "that section 16-5-402 applies to postconviction challenges to criminal convictions under Crim. P. 35(c) and that such construction does not violate constitutional protections of habeas corpus, separation of powers, due process, or equal protection of the laws").

Second, the state courts' determination of this issue was consistent with federal law.  Turley has not shown that trial counsel's failure to raise a claim that was time-barred under state law rendered trial counsel's performance deficient.  Nor has Turley demonstrated that challenging his 1979 and 1981 convictions would have changed the outcome of the trial.  Turley fails to meet his burden under *Strickland*, 466 U.S. 668.  Turley is not entitled to habeas relief on Claim Thirteen.

III.     Conclusion

In sum, IT IS RECOMMENDED that Turley's "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" ("Petition") (file-stamped April 19, 2004) be DENIED and that this civil action be DISMISSED WITH PREJUDICE.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property*, 73 F.3d at 1060. Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does

31

not apply when the interests of justice require review).

DATED at Denver, Colorado, this 13th day of March, 2007.

BY THE COURT:


    s/Craig B. Shaffer
United States Magistrate Judge