IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 04-cv-00790-CMA-CBS

DAVID TURLEY,

    Petitioner,

v.

AL ESTEP, Warden, Limon Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,,

    Defendants.

---

**ORDER ADOPTING AND AFFIRMING MARCH 14, 2007 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the recommendations by the Magistrate Judge that Petitioner David Turley's Application for Writ of Habeas Corpus be denied and that this case be dismissed with prejudice (Doc. # 51).

Petitioner has objected to these recommendations (Doc. # 54). In light of the objections, the Court has conducted the requisite *de novo* review of the issues, the recommendations and Petitioner's objections. Based on this review, the Court has concluded that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct.

Petitioner raised fourteen claims. The Magistrate Judge found that Petitioner had failed to exhaust Claim Five, portions of Claim Six, Claims Seven, Eight, Nine, Twelve and Fourteen in state court. Therefore, Petitioner was procedurally barred from bringing

these claims in his federal habeas corpus case. The Magistrate Judge's analysis regarding these claims was correct. Petitioner failed to argue Claim Five, portions of Claim Six, Claims Seven, Eight and Fourteen to the Colorado Supreme Court. Thus, Petitioner failed to exhaust his state remedies and is procedurally barred from raising these claims before this Court. The same analysis applies to Claims Nine and Twelve, which Petitioner failed to argue to the Colorado Court of Appeals. Petitioner has not identified any exceptions to the procedural default rule that apply in his case. As such, Claim Five, portions of Claim Six, Claims Seven, Eight, Nine, Twelve and Claim Fourteen should be dismissed. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-47 (1999).

The Magistrate Judge also found Petitioner's non-defaulted claims to lack merit. Regarding Claim One – Petitioner argued that C.R.S. § 16-10-104(1) violated his equal protection rights – the Magistrate Judge found, as have Colorado state courts, that section 16-10-104(1) likely satisfied the rational basis review required of statutes that do not implicate a fundamental constitutional interest. This Court agrees, there is a rational basis behind the Colorado legislature's adoption of C.R.S. § 16-10-104(1); thus, Petitioner's first claim should be dismissed.

Petitioner's second claim challenged the seizure of his wife's Chevy Blazer, which Petitioner claims violated the Fourth Amendment's exclusionary rules relating to unreasonable search and seizure. The Magistrate Judge found that the Colorado state courts gave Petitioner a full and fair opportunity to litigate Petitioner's Fourth

Amendment claim. Thus, the Magistrate Judge concluded that Petitioner could not raise a Fourth Amendment claim in his federal habeas petition. *See Stone v. Powell*, 428 U.S. 465 (1976). Based on a review of the record, this Court agrees that Petitioner had the opportunity to fully argue and litigate his request to suppress evidence acquired in the search of his wife's SUV. The Court may question the state court decisions regarding the mobility/immobility of the Blazer (the vehicle was apparently inoperable at the time of the search), but Petitioner received a proper hearing on the issue and he points to no authority mandating that the state court's decision on his suppression motion be overturned. Accordingly, regardless of the logical pull of Petitioner's Fourth Amendment claims, this Court cannot grant habeas relief on Petitioner's Claim Two.

Claim Three challenges the trial court's advisement regarding Petitioner's right to testify. The Magistrate Judge found that the trial court had satisfied the burdens imposed by the U.S. Constitution regarding Petitioner's right to testify in his own case. Based on a review of record, this Court agrees with the Magistrate Judge that Petitioner received an appropriate advisement and that he voluntarily, knowingly and intentionally waived his right to testify. Thus, Claim Three should be dismissed.

Petitioner's Claims Four, Ten and Eleven allege violations of state evidentiary law on the basis of prosecutorial references to Petitioner being in custody, to his arrest and to search warrants. He claims these references tainted the jury and that the trial court should have granted a mistrial. The Magistrate Judge found that the challenged statements did not inform the jury of any specific charges against Petitioner and,

therefore, that Petitioner's right to fundamental fairness was not violated by the admission of these statements.  This Court agrees that Petitioner's trial was not so tainted as to deny him the fundamental fairness guaranteed by the Constitution.  Thus, Claims Four, Ten and Eleven should be dismissed.

The portion of Claim Six that is not procedurally defaulted also lacks merit.  Petitioner claims that his 1981 and 1982 convictions were constitutionally infirm because of errors in sentencing advisement.  However, the record is clear, and the Magistrate Judge found that Petitioner received the proper constitutional notice regarding the sentences he received as part of his plea bargain agreements in both cases.  This Court agrees with the Magistrate Judge; the non-defaulted arguments in Claims should be dismissed on the merits.

In Claim Thirteen, Petitioner alleges ineffective assistance of counsel.  However, the record reveals that Petitioner's counsel did not deviate from constitutional standards in failing to challenge his 1979 and 1981 convictions as time-barred.  Moreover, Petitioner's Claim Thirteen also does not appear cognizable in a federal habeas corpus claim, a fact recognized by the Magistrate Judge.  Therefore, this claim should be dismissed.

Accordingly,

IT IS ORDERED that the March 14, 2007 Recommendation of United States Magistrate Judge (Doc. # 51) is ACCEPTED and, for the reasons cited therein, Petitioner's Application for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that this case is DISMISSED WITH PREJUDICE.

DATED: January  28 , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge